IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| *In re*: | * | |
| Health Management Resources, Inc., | * | Case No. 05-12871 WIL |
| Debtor | * | Chapter 7 |
| Steven H. Greenfeld, | * | |
| Plaintiff | * | |
| v. | * | Adversary No. 08-47 |
| Weinstock, Friedman & Friedman, P.A., et al., | * | |
| Defendants. | * | |

**JOINT STATUS STATEMENT**

Pursuant to Pursuant to Federal Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(f), the Plaintiff, Steven Greenfeld, trustee for the Bankruptcy Estate of Health Management Resources, Inc. ("HMR"), the Defendant, Weinstock, Friedman & Friedman, P.A. ("Weinstock"), and the Defendant, Pre-Paid Legal Services, Inc. (Pre-Paid),[1] submit this Joint Report and the accompanying Proposed Scheduling Order to this Honorable Court for

---

[1] The Plaintiff moved to amend the original complaint to add Bruce L. Richardson, who was a former associate of the Defendant, Weinstock, Friedman & Friedman, as an additional party defendant and, while the United States District Court for the District of Maryland granted the plaintiff's Motion To Amend the Complaint on September 18, 2007, Mr. Richardson is not yet a proper party defendant and has not participated in the preparation of this Joint Status Statement and has not agreed to the proposed discovery plan.

consideration and state as follows:

1. The Parties have discussed and agreed upon a proposed discovery plan and have submitted a proposed scheduling order which reflects their proposed discovery plan. The proposed scheduling order contains the dates when the Parties propose their 26(a)(2) disclosures should be made as well as the timing for other discovery, including when the Parties reasonably believe discovery should be completed. The Parties do not believe that the interests of discovery will be served by requiring them to make the initial disclosures that are required by Federal Bankruptcy Rule 7026(a). Due to the complexity of the issues of alleged legal malpractice and due to the complexity of the damages claimed by the Plaintiff, the Parties propose that they be given at least twelve (12) months to complete discovery.

2. With the exception of Bruce L. Richardson, the Parties presently do not anticipate joining any other additional parties. The Parties believe that there should be no deadline for amendments to the pleadings, but that amendments should be governed by the standards set forth in Fed. R. Civ. P. 15 and the cases interpreting that rule. The Parties will endeavor to reach agreement with each other about any undisputed factual or legal issues and will attempt to narrow any disputed factual and legal issues during discovery and after discovery is competed.

3. The Parties have conferred about discovery of electronically stored information and have reviewed the Suggested Protocol for Discovery of Electronically Stored Information published upon the website of the United States District Court for the District of Maryland. Given the discovery which the Parties contemplate and the issues of this matter, the Parties believe that discovery of electronically stored information can be handled through the responses to the other party's written discovery requests and the Parties are prepared to resolve any issues

regarding the discovery of electronically stored information without resort to intervention of this Honorable Court.

   4. Because this matter concerns claims of legal malpractice, discovery may require the production of certain confidential and privileged information in the possession of the Defendant Weinstock. In addition, the Defendant Pre-Paid submits that its business practices and internal business information are not properly the subject of discovery by any party and, depending upon the scope of discovery, it may be required to seek relief from this Honorable Court to restrict access to its proprietary and sensitive business information. The Parties will use their best efforts tao attempt to obviate the need for court intervention to address some of these discovery issues. As to any confidential and privileged discovery which the Parties can agree will be potentially relevant to liability and damage issues, the Parties will likely enter into a stipulated protective order regarding the confidentiality of those certain potentially relevant discovery material and information that they will submit to this Honorable Court for approval to govern the disclosure of certain otherwise privileged and/or confidential documents in discovery depending upon the discovery requests made by the other parties during this litigation.

   5. The Parties will discuss settlement as discovery progresses. The Plaintiff's counsel and the Defendants' counsel have established professional and civil relationships so that early and formal Bankruptcy dispute resolution is unnecessary for the Parties to fully explore and discuss the possibility of any reasonable and early settlement of this matter. To the extent that the Parties determine that they will need Bankruptcy dispute resolution assistance from this Honorable Court during the pre-trial discovery phase of this matter, they will file a written request with this Honorable Court to ask for referral to the Bankruptcy Dispute Resolution

Program ("BDRP").  The Parties will, of course, comply with any Court order for BDRP, and, to the extent that this Honorable Court deems BDRP to be warranted and disagrees with the opinions of the Parties.

                    Respectfully submitted,

                     JORDAN, COYNE & SAVITS, L.L.P

**/s/ Adam M. Freiman**
Adam M. Freiman, Esquire
Sirody, Freiman, & Felman, P.C.
1777 Reisterstown Road
Baltimore, Maryland 21208
Telephone:  (410) 415-0445
Facsimile:  (410) 415-0744
Email: adamfreiman@gmail.com
Attorneys For Plaintiff

MARCUS & BONSIB

**/s  Bruce L. Marcus**
Bruce L. Marcus, Esquire, #06341
Joseph A. Compofelice, Jr., Esquire, #26718
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
(301) 441-3000
Attorneys for Defendant Pre-Paid
  Legal Services, Inc.

By:/s/ **Deborah Murrell Whelihan**
Deborah Murrell Whelihan, #05149
1100 Connecticut Avenue, N.W.
Suite 600
Washington, D.C.  20036
Telephone:   (202) 296-4747
Facsimile:   (202) 496-2800
Email: d.whelihan@jocs-law.com
Attorney for the Defendant Weinstock,
  Friedman & Friedman, P.A.

4