UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | | |
|---|---|---|
| In re: Health Management Resources, Inc. | * | Case No. 05-12871 |
| | * | |
| Debtor, | * | Chapter 7 |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| Steven H. Greenfield, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Adversary No.: 08-47 |
| | * | |
| Weinstock, Friedman & Friedman, P.A. | * | |
| and Pre-Paid Legal Services, Inc., et al. | * | |
| | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT BRUCE RICHARSDON'S
### ANSWER TO AMENDED COMPLAINT

COMES NOW Defendant, Bruce Richardson, by and through counsel, and in response to Plaintiff's Amended Complaint states as follows:

1.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint, and therefore denies them.

2.  Upon information and belief, Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint, and therefore denies them.

4.  Insofar as Paragraph 4 alleges that Bruce Richardson was an associate attorney and employee of Defendant Weinstock, Defendant admits the allegations. Defendant is without sufficient knowledge to form a belief as to the remaining allegations contained in Paragraph 4, and

therefore denies them.

5. Paragraph 5 calls for a legal conclusion to which no response is required. To the extent a response is required, defendant denies the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint, and therefore denies them.

7. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint, and therefore denies them.

8. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint, and therefore denies them.

9. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint, and therefore denies them.

10. Upon information and belief, Defendant admits that HMR was assigned by PPLS to Defendant Weinstock, and that Defendant performed certain services for HMR. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint, and therefore denies them.

11. Upon information and belief, Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12. Insofar as Paragraph 12 pertains to Defendant Richardson, Defendant denies those allegations contained in Paragraph 12 of Plaintiff's Amended Complaint. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 12, and therefore denies them.

13. Insofar as Paragraph 13 pertains to Defendant Richardson, the allegations call for a

legal conclusion to which no response is required. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 13, and therefore denies them.

14.   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 14 of Plaintiff's Amended Complaint, and therefore denies them. Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15.   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint, and therefore denies them.

16.   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint, and therefore denies them.

17.   Insofar as it relates to Defendant Richardson, Defendant denies the allegations contained within the first two sentences of Paragraph 17 of Plaintiff's Amended Complaint, as phrased. Defendant further denies that he created forged orders "to obtain 'post petition' factoring on behalf of HRM."

18.   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint, and therefore denies them.

19.   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in the first sentence of Paragraph 19 of Plaintiffs' Amended Complaint and, therefore, denies them. Upon information and belief, Defendant admits the remaining allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20.   Upon information and belief, Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint, and therefore denies them.

22. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint, and therefore denies them.

23. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint, and therefore denies them.

24. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint, and therefore denies them.

## COUNT I - - - PROFESSIONAL MALPRACTICE/ NEGLIGENCE (Weinstock, Richardson and PPLS)

25. Defendant incorporates by reference his responses to Paragraph 1 through 24 above.

26. The allegations contained in Paragraph 26 of Plaintiff's Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Amended Complaint.

27. The allegations contained in Paragraph 27 of Plaintiff's Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Amended Complaint.

28. The allegations contained in Paragraph 28 of Plaintiff's Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Amended Complaint.

29. The allegations contained in Paragraph 29 do not pertain to this Defendant, and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30. The allegations contained in Paragraph 30 do not pertain to this Defendant, and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33. The allegations contained in Paragraph 33 do not pertain to this Defendant, and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34. The allegations contained in Paragraph 34 do not pertain to this Defendant, and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. The allegations contained in Paragraph 35 do not pertain to this Defendant, and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36. The allegations contained in Paragraph 36 do not pertain to this Defendant, and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.

37. The allegations contained in Paragraph 37 do not pertain to this Defendant, and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38. The allegations contained in Paragraph 38 do not pertain to this Defendant, and

therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39. The allegations contained in Paragraph 39 do not pertain to this Defendant, and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40. The allegations contained in Paragraph 40 do not pertain to this Defendant, and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

WHEREFORE, the Defendant, Bruce Richardson, respectfully requests that the Plaintiff's Amended Complaint filed herein against him be dismissed with prejudice, with costs, attorney's fees, and interest as provided by law assessed against the plaintiff and that the defendant be granted such other and further relief as this honorable Court deems just and proper.

COUNT II - - - FRAUD (Weinstock and Richard)

41. Defendant incorporates by reference his responses to Paragraph 1 through 40 above.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

WHEREFORE, the Defendant, Bruce Richardson, respectfully requests that the Plaintiff's Amended Complaint filed herein against him be dismissed with prejudice, with costs, attorney's fees, and interest as provided by law assessed against the plaintiff and that the defendant be granted such other and further relief as this honorable Court deems just and proper.

COUNT III ---BREACH OF FIDUCIARY DUTY (Weinstock and Richardson)

43. Defendant incorporates by reference his responses to Paragraph 1 through 42 above.

44. Paragraph 44 of Plaintiff's Amended Complaint calls for a legal conclusion to which

no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45. Paragraph 45 of Plaintiff's Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

46. The allegations contained in Paragraph 46 does not pertain to this Defendant, and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint.

47. The allegations contained in Paragraph 47 does not pertain to this Defendant, and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.

WHEREFORE, the Defendant, Bruce Richardson , respectfully requests that the Plaintiff's Amended Complaint filed herein against him be dismissed with prejudice, with costs, attorney's fees, and interest as provided by law assessed against the plaintiff and that the defendant be granted such other and further relief as this honorable Court deems just and proper.

COUNT IV ---BREACH OF CONTRACT (Weinstock and PPLS)

49. Defendant incorporates by reference his responses to Paragraph 1 through 48 above.

50.-57. The allegations contained in Count IV does apply to this defendant, and therefore no response is required.

WHEREFORE, the Defendant, Bruce Richardson , respectfully requests that the Plaintiff's Amended Complaint filed herein against him be dismissed with prejudice, with costs, attorney's

fees, and interest as provided by law assessed against the plaintiff and that the defendant be granted such other and further relief as this honorable Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

That the Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant avers that the Amended Complaint is barred by the applicable statute of limitations.

### THIRD DEFENSE

Defendant avers that any injuries, losses, and damages claimed by the plaintiff herein were the result of the plaintiff's sole and/or contributory negligence.

### FOURTH DEFENSE

Defendant avers that the claim alleged in plaintiff's Amended Complaint is barred by the plaintiff's assumption of the risk.

### FIFTH DEFENSE

Defendant avers that the claim alleged in plaintiff's Amended Complaint is barred due to the negligence and/or affirmative conduct of others for whom in law this defendant is not responsible.

### SIXTH DEFENSE

Defendant will rely upon all defenses lawfully available to it including, but not limited to, those already asserted herein.

### SEVENTH DEFENSE

Defendant avers that the plaintiff's claim for punitive damages violates the excessive fines clause of the Eighth Amendment of the United States Constitution.

## EIGHTH DEFENSE

Plaintiff's claim is barred by the doctrine of collateral estoppel and laches.

WHEREFORE, the Defendant, Bruce Richardson, respectfully requests that the Plaintiff's Amended Complaint filed herein against him be dismissed with prejudice, with costs, attorney's fees, and interest as provided by law assessed against the plaintiff and that the defendant be granted such other and further relief as this honorable Court deems just and proper.

Respectfully submitted,

CARR MALONEY P.C

By  *Nat Calamis*
Jan Simonsen, Esq., #28628
Nat P. Calamis, Esq., #16879
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)

## JURY DEMAND

Defendant demands a trial by jury as to all issues raised herein.

*Nat Calamis*
Nat P. Calamis

20080717-ANB-1(Answer to Amended Complaint)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer of Defendants to Plaintiff's Complaint was mailed, postage pre-paid this 21st day of July, 2008, to:

>Adam M. Freiman, Esquire
>Sirody, Freiman & Feldman, P.C.
>1777 Reisterstown Road, Suite 360
>Baltimore, MD  21208
>
>Mitchell D. Treger, Esquire
>A. Dwight Pettit, P.A.
>3606 Liberty Heights Avenue
>Baltimore, MD  21215
>
>Deborah M. Whelihan, Esquire
>Jordan, Coyne & Savits, L.L.P.
>1100 Connecticut Avenue, N.W.
>Suite 600
>Washington, D.C.  20036
>
>Bruce L. Marcus, Esquire
>Joseph A. Compofelice, Jr., Esquire
>Marcus & Bonsib
>6411 Ivy Lane, Suite 116
>Greenbelt, MD  20770

*Nat Calamis*
Nat P. Calamis

FILED U.S. DISTRICT COURT MARYLAND 2008 JUL 21 PM 1: 47