**IN THE UNITED STATES BANKRUPTCY COURT**
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| **In re:** Health Management Resources, Inc. | * | **Case No.:** 05-12871 |
| Debtor, | * | **Chapter 7** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| Steven H. Greenfeld, | * | |
| Plaintiff, | * | |
| Vs. | * | **Adversary No.:** 08-00047 |
| Weinstock, Friedman & Friedman, PA, et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**FIRST APPLICATION FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED BY INVOTEX GROUP AS FINANCIAL ADVISORS TO SPECIAL COUNSEL TO THE TRUSTEE FOR PERIOD OF MAY 7, 2007 THROUGH OCTOBER 31, 2007**

| | |
|---|---|
| **Name of Applicant:** "Applicant" | Invotex Group, Inc. or |
| **Authorized to Provide Professional Services to:** | Special Counsel to the Trustee |
| **Date of Retention:** | May 7, 2007 |
| **Period for which compensation and reimbursement is sought:** Period") | May 7, 2007, through October 31, 2007 (the "Application |
| Amount of Compensation sought as actual, reasonable and necessary: | $31,601.45 |
| Amount of Fee Period Compensation Previously Paid Pursuant to the Court's Administrative Order (the "Administrative Order") | $0.00 |
| Amount of Expenses Reimbursement sought as actual, reasonable and necessary: | $555.65 |
| Amount of Fee Period Expense Reimbursement Previously Paid Pursuant to the Order. | $0.00 |

This is an ___monthly X interim ___final application

Is the time spent preparing the monthly fee applications included in the total hours described in the Fee Application?  ___Yes X No. (Fee Statements only)

| | |
|---|---|
| Name of the Firm/Party in Interest: | Invotex Group |
| Interim Fee(s) Previously Allowed: | $0.00 |
| Interim Fee(s) Previously Sought: | $0.00 |
| Retainer Received: | $5,000.00 |
| Interim Expenses Previously Allowed: | $0.00 |
| Interim Expenses Previously Sought: | $0.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: Health Management Resources, Inc.<br>Debtor, | * * * * | Case No.: 05-12871<br>Chapter 7 |
| * * * * * * | * | * * * * ** |
| Steven H. Greenfeld,<br><br>Plaintiff,<br>Vs.<br>Weinstock, Friedman & Friedman, PA, et al.<br><br>Defendants. | * * * * * * * * * * | Adversary No.: 08-00047 |
| * * * * * * | * | * * * * ** |

**FIRST APPLICATION FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED BY INVOTEX GROUP AS FINANCIAL ADVISORS TO SPECIAL COUNSEL TO THE TRUSTEE FOR PERIOD OF MAY 7, 2007 THROUGH OCTOBER 31, 2007**

Invotex Group, Inc. ("Invotex") files this First Application for Allowance of Interim Compensation and Reimbursement of Expenses Incurred by Invotex as Financial Advisors to Special Counsel to the Trustee for the period of May 7, 2007 through October 31, 2007 (the "Application"), pursuant to §§ 330 and 331 of the Bankruptcy Code (the "Code") and Fed.R.Bank.P. 2016 seeking interim compensation in the amount of $31,601.45 (net of a discretionary adjustment of $11,265.05, or 26%) for professional fees and $555.65 for expenses. In support of the Application, your Applicant respectfully represents as follows:

INTRODUCTION

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C.§§ 328, 330 and 331, Bankruptcy Rule 2016 and Local District Court Rule 401. This is a core proceeding.

2.  On May 30, 2007, the Trustee filed an Application for Authority to Employ Invotex as Financial Advisors to Special Counsel to the Trustee Nunc Pro Tunc to May 7, 2007. On June 19, 2007, this Court signed an Order authorizing the Committee to employ Invotex as Financial Advisor to Special Counsel.

3.  Invotex is familiar with and is submitting this Application in conformity with the Compensation Guidelines for the U. S. Trustees and Other Professionals in the United States Bankruptcy Court for the District of Maryland.

## The Compensation Requested

4.  This Application seeks compensation as set forth below in the amount of $31,601.45 (net of a discretionary adjustment of $11,265.05, or 26%) for services rendered and $555.65 for expenses incurred during the period of May 7, 2007 through October 31, 2007 (the "Application Period").

5.  Attached as Exhibit A, is a schedule listing all time entries and related fees. Set forth below is a summary of the fees by category.

|   | CATEGORY | HOURS | AVG. RATE | NET FEES |
|---|---|---|---|---|
| A | Prepare for and meet / call with Legal Counsel or HMR Management | 17.10 | $354.56 | $6,063.00 |
| B | Read and Organize Documents Produced | 96.30 | 143.40 | 13,809.00 |
| C | Prepare Financial Analysis | 86.70 | 227.21 | 19,699.50 |
| D | Perform Administrative Procedures | 3.00 | 55.00 | 165.00 |
| E | Employment Application | 4.60 | 269.57 | 1,240.00 |
| F | Plan Procedures to be Performed | 0.40 | 425.00 | 170.00 |
| G | Non-Working Travel | 5.00 | 344.00 | 1,720.00 |
| H | Less Discretionary Adjustments: | | | |

|  |  |  |  |
|---|---:|---:|---:|
| **Prepare for and meet / call with Legal Counsel or HMR Management (41%)** | (8.50) | 290.00 | (2,465.00) |
| **Read and Organize Documents Produced (26%)** | (35.67) | 99.94 | (3,564.70) |
| **Prepare Financial Analysis (7%)** | (5.88) | 229.65 | (1,350.35) |
| **100% of Perform Administrative Procedures** | (3.00) | 55.00 | (165.00) |
| **100% of Non-working Travel** | (5.00) | 344.00 | (1,720.00) |
| **Courtesy Discount** |  |  | (2,000.00) |
|  |  |  |  |
| **TOTAL FEES** | 155.05 | $203.81 | $31,601.45 |

6.  Set forth below is a summary of the names, position held, time, hourly rate and total fees sought for the Applicant and each individual who provided accounting and financial consulting assistance during the Application Period, listed in order of billable rate.

| NAME | POSITION | HOURS | HOURLY RATE | NET FEES |
|---|---|---:|---:|---:|
| **Neil H. Demchick       (NHD)** | Managing Director | 13.80 | $425.00 | $5,865.00 |
| **Neil H. Demchick       (NHD)** | Managing Director | 1.80 | 400.00 | 720.00 |
| **Kerby R. Baden          (KRB)** | Director | 65.90 | 290.00 | 19,111.00 |
| **Kerby R. Baden          (KRB)** | Director | 6.00 | 250.00 | 1,500.00 |
| **Cheryl D. Nardone     (CDN)** | Senior Consultant | 50.80 | 165.00 | 8,382.00 |
| **Derek M. Ciotta         (DMC)** | Consultant | 5.50 | 150.00 | 825.00 |
| **Myioshi L. Gubbings  (MLG)** | Analyst | 66.30 | 95.00 | 6,298.50 |
| **Beth A. Marzano         (BAM)** | Admin | 3.00 | 55.00 | 165.00 |
| **Discretionary Adjustment** |  | (58.05) | 194.06 | (11,265.05) |
| **TOTAL FEES** |  | 155.05 | $203.81 | $31,601.45 |

### Breakdown of Services Provided

7.  The Applicant provided a variety of analyses and procedures as a part

of the examination during the Application Period, which services have been categorized separately as set forth below:

    A.    Prepare for and meet / call with Legal Counsel and HMR Management.  The Applicant's procedures included preparation for and participation in meetings and telephone calls with legal counsel and HMR management. The meeting with Special Counsel was regarding case administration and procedures to perform.  The meeting and calls with HMR management involved discussions regarding the history of the Debtor, various staffing contracts the Debtor was a party to, historical financial activity of the Debtor, search for and identification of potentially relevant documents, and overall business operations and procedures of the Debtor.  The net fees incurred for this category during the Application Period totaled $3,598.00 (net of discretionary adjustment of $2,465.00, or 41%). Discretionary adjustments were made to remove the fees for a second Invotex professional at two of the meetings.  These fees represent approximately 8.60 hours of work at an average hourly rate of $418.37.

    B.    Read and Organize Documents Produced.  The Applicant's procedures included reading and organizing various legal and corporate documents such as pleadings, financial statements, income tax returns, contracts and related information, payroll records, correspondence, and other documents provided by counsel and HMR management.  The net fees incurred for this category during the Application Period totaled $10,244.30 (net of discretionary adjustment of $3,564.70, or 26%). These fees represent approximately 60.63 hours of work at an average hourly rate of $168.96.

    C.    Prepare Financial Analysis.  The Applicant's procedures included analysis of the Company's financial records, projection of future operations had the alleged improper acts not occurred, and estimated value of the related lost income.  More specifically, Applicant analyzed income tax returns, financial statements, contracts, and other financial documents to normalize

historical operations and project future operations. These analyses were then used to estimate the value of the related lost income. The net fees incurred for this category during the Application Period totaled $18,349.15 (net of discretionary adjustment of $1,350.35, or 7%). These fees represent approximately 80.82 hours of work at an average hourly rate of $227.03.

    D. Perform Administrative Procedures. The Applicant's procedures included administration procedures as well as performing overall document management of the various documents received from legal counsel and HMR management. All of the fees incurred for this category during the Application Period totaling $165.00 have been written off.

    E. Employment Application. The Applicant's procedures included preparing the Applicant's employment application and affidavit. The net fees incurred for this category during the Application Period totaled $1,240.00. These fees represent approximately 4.60 hours of work at an average hourly rate of $269.56.

    F. Plan Procedures to be Performed. The Applicant's procedures included planning work procedures to review the various documentation involved and preparing analyses to estimate the value of the lost income to the Debtor. The net fees incurred for this category during the Application Period totaled $170.00. These fees represent approximately 0.40 hours of work at an average hourly rate of $425.00.

    G. Non-Working Travel. The Applicant's procedures included travel to and from the home of HMR management. All of the fees incurred for this category during the Application Period totaling $1,720.00 have been written off.

### Legal Standard for Awarding Compensation

8. Under § 330(a)(1) of the Code, the Court may award reasonable compensation for actual, necessary services rendered by the Applicant based on the nature,

extent and value of the services rendered, time spent on such services and the cost of comparable services other than in a bankruptcy case.  The Court may also award reimbursement for actual, necessary expenses.

9.     In accordance with the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland, courts look to the "lodestar" formula in assessing attorneys' and accountants' fees.  Under this approach, courts consider the number of hours of service reasonably devoted to the case multiplied by the accountants' reasonable rates.  This sum may be adjusted to reflect the characteristics of the particular case and the reputation of the professional.  See e.g., Laffey v. Northwest Airlines, Inc., 572 F.Supp. 354, 361 (D.D.C. 1983), aff'd. In part, rev'd. In part, 746 F.2d 4 (D.C. Cir. 1984), cert. denied, 472 U.S. 1021, 105 S. Ct. 3488 (1985).

10.    Many courts have frequently considered the specific lodestar factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) and applied to bankruptcy cases In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir.), cert. denied, 431 U.S. 904 (1977).  These tests were adopted by the Fourth Circuit in Barber v. Kimbrells, Inc., 577 F.2d 216, 226 (4th Cir.), cert. denied, 439 U.S. 934 (1978).  In Anderson v. Morris, 658 F.2d 246, 249 (4th Cir. 1981), the Fourth Circuit held that the District Court should consider the lodestar approach, which encompasses the Johnson factors (a) and (d) as set forth below, and then adjust the fee on the basis of the remaining Johnson factors.

11.    In In re Bernard Hill, 133 B.R. 61 (Bankr. D. Md. 1991), the court supplemented the general lodestar principles by establishing ten (10) "cardinal rules" with which fee applications should comply:

(a)    Fee applications must make sense;

(b)    Fee applications must indicate what work was performed, when it was

        performed and how much money is being charged for performing it;

(c)     Services rendered should be reported in several broad, general categories;

(d)     Fee applications must contain a "lodestar" analysis;

(e)     Numbers must add up;

(f)     The names of the individuals who rendered services, together with their hourly rates and years of experience, must be disclosed;

(g)     Time records must be submitted with the fee application;

(h)     Out-of-pocket expenses for which reimbursement is sought must be set forth in the application; and,

(i)     When more than one professional or a firm of professionals is appointed to represent or furnish similar services to a debtor, the fee application(s) must indicate a clear division of labor and non-duplicative effort.  See In re Bernard Hill, 133 B.R. at 62-63.

12.     Invotex submits that an evaluation of the lodestar formula and the Johnson factors in the present case supports its request for fees for the following reasons:

**The time and labor required.**  The amount of time required by the Applicant is reflected by the Application and the Exhibits attached to the Application.  The Applicant performed the procedures requested and required efficiently in order to provide accounting, valuation, insolvency, and financial advisory services required as it relates to the claims held by the Debtor.  The Applicant assigned specific tasks to appropriate levels to minimize fees.

**Novelty and difficulty of the questions involved and the skill applied.**  The procedures included within the Application required a high level of skill and knowledge with aspects of valuation, financial analysis, and government contracts.

**The preclusion of other employment by the firm due to acceptance of this case.** Retention in this matter and the procedures included within the Application required the Applicant to devote a certain amount of time to this matter, but generally did not limit the

Applicant's involvement in other engagements.

**The customary fee for similar work.**  Applicant submits that the fees sought herein are warranted, and are generally less than or equal to competitive fees in the Maryland / Washington DC financial consulting market for firms with comparable practices, given the nature of these proceedings.

**Whether the fee is fixed or contingent.**  Pursuant to the Code, all fees sought by professionals retained in bankruptcy proceedings are subject to the approval of this Court. The Applicant did not undertake this engagement on a contingency basis and expects to be compensated on an hourly basis.

**Time limitations imposed by the client or circumstances.**  The procedures that were required, needed to be performed timely as specific needs arose.  However, in general, time limitations were not significant for the procedures covered by the Application.

**The amounts involved and the results obtained.** The amounts in the Application are for the ongoing accounting, valuation, insolvency and financial advisory services of Invotex as it relates to the claims held by the Debtor. At this time, there are no results to report based on the Applicant's work.

**Experience, reputation and ability of the accountant and financial consultant.**  Applicant has previously performed similar procedures in other bankruptcy matters, either as financial advisor to debtors, financial advisor to creditors committees, or as Court appointed trustee or plan administrator.  Applicant maintains a staff of professionals with CPA, CIRA, and CFE credentials with over 20 years of bankruptcy, state receivership, and insolvency experience.  Applicant has developed an excellent reputation in the Washington DC, Maryland, and Virginia legal and accounting communities.

**The "undesirability" of the case.**  This item has not been a factor in this engagement.

**The nature and length of the firm's professional relationship with the client.**  Prior to this engagement, the Applicant had no known relationship with the Debtor or the defendants the Debtor has a claim against.  The Applicant previously had a professional

relationship with the Trustee in a prior case.

<u>Awards made in similar cases</u>.  Applicant submits that its request for compensation is well within the usual and customary awards granted in similar cases.

13. In addition to the <u>Johnson</u> factors discussed above, Applicant submits that this Application satisfies the ten (10) cardinal rules required by <u>Bernard Hill</u>:

(a) The Application makes sense as it is structured to convey the information contained herein in an understandable and consistent manner.

(b) The Application contains dates and categories of work, which reflect what work was performed and when it was performed.  Further, the attached exhibits contain more detail on each specific item billed, the date the work was performed and exactly how much money is being charged for performing it.

(c) The Application contains several broad and general categories of work performed, and substantiation for the work.

(d) The Application contains a lodestar analysis.

(e) The breakdown of services and disbursements adds up.

(f) The names of the individuals who rendered services, together with their hourly rates, have been disclosed herein.  The experience of Applicant has been set out herein and also in the Application for Authority to Employ filed by the Trustee.

(g) A complete printout of detailed time records has been submitted with the Application as Exhibit A.

(h) The Application does not contain any bill for any other firm of professionals other than Applicant.  Each professional of Applicant has his or her services set forth independently in the exhibits attached hereto.

14. Applicant has been cognizant of avoiding unnecessary duplication of services and has employed the use of lower-rate associates as and when appropriate.  Under these circumstances, and given the oversight of the work and billing processes, the

reasonableness of Applicant's hourly rates and staffing, and the procedures performed, the Applicant has decided to write off 58.05 hours from its actual time incurred to date and $11,265.05 from this bill directly in its billing judgment and submits that the balance of the fees and expenses applied for herein is reasonable.

15. Applicant believes it has reasonably satisfied the requirements for fee applications in this District. Further, the fees and the expenses rendered by Applicant for which it seeks compensation and reimbursement are reasonable in light of this Court's decision In re Bernard Hill, Inc., 133 B.R. 61 (Bankr. D. Md. 1991), and In re Leonard Jed, 103 B.R. 706 (Bankr. D. Md. 1989), modified, 118 B.R. 339 (Bankr. D. Md. 1990). See also In re LBH Associates Limited Partnership, Case No. 87-5-2207-JS, reported at 24th Cir. & D.C. Bankr.Rep.

WHEREFORE, Invotex respectfully requests that this Court enter an Order:

A. Approving the Application;

B. Allowing and directing payment by the Trustee of fees of $31,601.45 (net of discretionary adjustments of $11,265.05, or 26%) for services rendered and $555.65 for expenses incurred, or a total of $32,157.10 to Applicant for this Application Period;

C. Such other and further relief which is just and equitable.

Date: August 1, 2008

/s/
Neil H. Demchick
Managing Director
Invotex Group, Inc.
1637 Thames Street
Baltimore, Maryland 21231
(410) 824-0154

<u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on this 1st. day of August, 2008, a copy of the foregoing Application was sent electronically and mailed first class, postage prepaid to:

| | |
|---|---|
| Neil H. Demchick<br>Managing Director<br>Invotex Group<br>1637 Thames Street<br>Baltimore, MD 21231 | Deborah M. Whelihan, Esquire<br>Jordan, Coyne, & Savits, LLP<br>1100 Connecticut Avenue., N.W. #600<br>Washington, D.C. 20036 |
| Steven H. Greenfeld<br>Cohen, Baldinger & Greenfeld, LLC<br>7910 Woodmont Avenue<br>Suite 760<br>Bethesda, MD 20814<br>Trustee | Bruce L. Marcus, Esquire<br>Joseph A. Compofelice, LLP<br>Marcus & Bonsib<br>6411 Ivy Lane, Suite 116<br>Greenbelt, MD. 20770 |
| Office of the U.S. Trustee<br>6305 Ivy Lane<br>Suite 600<br>Greenbelt, MD 20770 | Jan Simonsen, Esquire<br>Nat P. Calamis, Esquire<br>Carr Maloney, PC<br>1615 L. Street, Suite 500<br>Washington, D.C. 20036 |

    /s/ *Adam M. Freiman, Esq.*
Adam M. Freiman, #23047
Special Counsel to Trustee
Sirody, Freiman & Feldman, P.C.
1777 Reisterstown Road, Suite 360
Baltimore, Maryland 21208
(410)415-0918