IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| In re: | ) |
| | ) |
| HEALTH MANAGEMENT RESOURCES, INC., | ) Case No. 05-12871-WIL |
| | ) Chapter 7 |
| Debtor. | ) |
| _____ | ) |

**MOTION FOR APPROVAL OF SETTLEMENT AND COMPROMISE**

Steven H. Greenfeld, Chapter 7 Trustee (the "Trustee"), by counsel, Sirody, Freiman and Feldman P.C., pursuant to Fed. R. Bankr. P. 9013 and 9019, hereby files this Motion for Approval of Settlement and Compromise (the "Motion") with Weinstock, Friedman & Friedman, P.A. and Pre-Paid Legal Services, Inc. (jointly the "Defendants") and, in support thereof, states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157.

2. Venue lies properly in this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. This Court has authority to grant the relief requested in this Motion pursuant to Federal Rules of Bankruptcy Procedure 9013 and 9019.

**THE CHAPTER 7 CASE**

4. On February 9, 2005, Health Management Resources, Inc. (hereinafter, the "Debtor") filed a Voluntary Petition for Relief pursuant to Chapter 11 of the United States Bankruptcy Code. This case was converted to one under Chapter 7 on or about March 3, 2005.

5. The Movant and Plaintiff herein was duly appointed Chapter 7 Trustee of the

Debtor's Chapter 7 proceeding.

**ADVERSARY PROCEEDING**

6. On February 9, 2005, the law firm of Weinstock, Friedman & Friedman, P.A. and Bruce L. Richardson filed Health Management Resources, Inc.'s Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Maryland, case no. 05-12871.

7. On March 3, 2005, the case was converted to Chapter 7 pursuant to Debtor's motion.

8. On October 11, 2006, Steven H. Greenfeld, as trustee for the Bankruptcy Estate of Health Management Resources, Inc., sued Weinstock, Friedman & Friedman, P.A. and Pre-Paid Legal Services, Inc., in the Circuit Court for Prince George's County, claiming legal malpractice, negligent misrepresentation, fraud, and breach of fiduciary duty, which case was captioned, <u>Steven H. Greenfeld, Trustee for the Bankruptcy Estate of Health Management Resources, Inc., plaintiff, v. Weinstock, Friedman & Friedman, P.A., et al., defendants</u>, and filed as Case No.: CAL 06-21854 (hereinafter referred to as "the state court lawsuit")

9. On December 1, 2006, Weinstock, Friedman & Friedman, P.A. removed the state court lawsuit to the United States District Court for the District of Maryland, as case No.: L-06-3241, and the United States District Court for the District of Maryland transferred the state court lawsuit to the United States Bankruptcy Court for the District of Maryland; which was opened as adversary proceedings as 08-47.

10. On March 12, 2008, Bruce L. Richardson was added as a party defendant to the legal proceedings before the United States Bankruptcy Court for the District Maryland, and Health Management Resources, Inc. added a claim of breach of contract to the claims that it had made in the state court lawsuit.

11.     Health Management Resources, Inc., through its bankruptcy estate and its Chapter 7 trustee, Steven H. Greenfeld, claimed that Weinstock, Friedman & Friedman, P.A. and Bruce L. Richardson delayed the bankruptcy filing for Health Management Resources, Inc. and that prior to filing the Chapter 11 bankruptcy proceedings for Health Management Resources, Inc., Bruce L. Richardson created a fake bankruptcy interim order purporting to approve post petition factoring for Health Management Resources, Inc. with its factoring lender, Federal National Payables.

12.     Health Management Resources, Inc., through its bankruptcy estate and its Chapter 7 trustee, Steven H. Greenfeld, claimed that the delay in filing for Chapter 11 reorganization and the subsequent Chapter 7 conversion forced it to abandon all business operations, including government contracts which it had, and which it would have had, that were allegedly worth millions, and to liquidate; claimed that Health Management Resources, Inc., would have remained in business under a properly and timely filed and maintained Chapter 11 re-organization and would not have had to liquidate; and claimed that the conversion to Chapter 7 was without the informed authorization or consent of Health Management Resources, Inc., because of an alleged conflict of interest due to Bruce L. Richardson's misfeasance

13.     Weinstock, Friedman & Friedman, P.A., Pre-Paid Legal Services, Inc., and Bruce L. Richardson contended that Health Management Resources, Inc. was insolvent in 2003, contended that it failed because of its business practices, debts and lack of income unrelated to the bankruptcy filings or the legal services provided by Weinstock, Friedman & Friedman, P.A., and contended that Health Management Resources, Inc. was forced to convert its Chapter 11 filing to a Chapter 7 proceedings because of its poor financial condition and lack of assets.

**THE PROPOSED SETTLEMENT**

14. The Trustee and the Defendants have agreed, subject to the approval of this Court, to settle all of the claims asserted by the Trustee, for the sum of two hundred fifty thousand ($250,000.00). Said sum shall be paid to the Trustee in a lump-sum.

15. The parties desire to settle this matter as set forth herein. Said compromise will avoid any further costs and the uncertainty of trial regarding the claims and the potential for recovery. The Trustee believes that such compromise is in the best interest of the estate and the creditors thereof as it avoids any further expense, the uncertainty of trial and the costs incurred in attempting to enforce an award in the event the Trustee prevailed.

16. Pursuant to Federal Rule of Bankruptcy Procedure 9019, approval of a proposed compromise of controversy may be given when the compromise is: (1) fair and equitable; (ii) in the best interest of the estate and the creditors; and (iii) surpasses the lowest level within a range of reasonableness. *In re Apex Oil Co.*, 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988); *In re A &C Properties,* 784 F.2d 1377, 1381 (9th Cir. 1985) *cert denied* 479 U.S. 854 (1986).

17. The approval or rejection of a compromise is left to the sound discretion of the bankruptcy court, and is to be determined by the particular circumstances of each proposed compromise. The term "sound discretion" indicates the absence of a hard-and-fast rule. When invoked as a guide to judicial action, it means a decision giving due regard to what is right and equitable under the particular circumstances of the case and applicable law. *Langes v. Green,* 282 U.S. 531, 541 (1931). A proposed settlement should be approved so long as "it does not fall below the lowest point of reasonableness." *United States of America ex rel. Rahman v. Oncology Associates*, PC, 269 B.R. 139, 153 (D. Md. 2001) (approving a proposed settlement on the basis of testimony by the experienced bankruptcy trustee that the proposed settlement was fair and

equitable and in the best interest of the estate) (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d. Cir. 1983)).

18. This settlement clearly meets the standards enunciated above.

19. The Trustee asks that the proposed compromise be approved pursuant to Federal Rule of Bankruptcy Procedure 9019.

20. Notice of the Trustee's intent to compromise these claims as enunciated herein has been sent to all creditors and parties-in-interest.

WHEREFORE, the Trustee, Steven H. Greenfeld, through his Counsel Adam M. Freiman prays that this Honorable Court enter an Order approving the aforementioned compromise and granting such other and further relief as the Court deems just or proper.

Dated: July 22, 2010                                      Respectfully submitted,

                COHEN BALDINGER & GREENFELD, LLC


                By: */s/ Steven H. Greenfeld*
                   Steven H. Greenfeld, Bar No. 06744
                   7910 Woodmont Avenue
                   Suite 1103
                   Bethesda, MD 20814
                   (301) 881-8300
                   Email: steveng@cohenbaldinger.com
                   Trustee

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 22nd day of July, 2010, a copy of the foregoing Motion to Approve and Compromise Claims was mailed by first-class postage-prepaid and/or electronically served by CM/ECF to the following parties:

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, MD 21208

Deborah Murrell Whelihan
Jordan, Coyne & Savits, L.L.P.
1100 Connecticut Ave. N.W.
Suite 600
Washington, DC 20036
Counsel for Weinstock Friedman & Friedman, P.A.

Pre-Paid Legal Services, Inc.
One Pre-Paid Way
Ada, OK 74820

Bruce L. Marcus, Esq.
Joseph Anthony Compofelice, Jr.
Marcus Bonsib, LLC
6411 Ivy Lane
Suite 116
Greenbelt, MD 20770
Counsel for Pre-Paid Legal Services, Inc.

Bruce Richardson
680 Americana Drive
Annapolis, MD 21403

Jan Simonsen, Esq.
Nat Calamis, Esq.
1615 L Street, NW
Suite 500
Washington, DC 20036
Counsel for Bruce Richardson

And all parties entering an appearance and requesting notice via the Court's CM/ECF system on the attached mailing matrix.

                                                       */s/ Steven H. Greenfeld*
                                                       Steven H. Greenfeld, Esq.